IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| LINDA CHASTAIN, | : |
| Plaintiff | : |
| VS. | : |
| | :  7 : 04-CV-102 (HL) |
| JO ANNE B. BARNHART, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

### RECOMMENDATION

The plaintiff herein filed this Social Security appeal on September 16, 2004, challenging the Commissioner's final decision denying her application for disability benefits. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

*Background*

The plaintiff filed her application for disability benefits in September 1999, alleging disability since July 1, 1996, due to neck pain from ruptured cervical discs and migraine headaches. Her application was denied initially and throughout all administrative levels. Following a hearing, the ALJ determined that the plaintiff remained capable of performing light work, and that although she could not return to her past relevant work as a secretary, the Medical Vocational Guidelines directed a finding of not disabled. The Appeals Council denied review, and the plaintiff then filed an appeal. This court entered an order reversing and remanding the matter for further development and consideration, with the ALJ issuing a second unfavorable decision on July 29, 2003. The Appeals Council again denied review and the plaintiff then filed this appeal, arguing that the ALJ improperly considered her subjective accounts of pain.

At the time of the second hearing before the ALJ, the plaintiff was 56 years of age, with past relevant work experience as an office clerk and secretary.  The ALJ determined that the plaintiff suffered from severe impairments in the form of degenerative disc disease of the cervical spine and a history of migraine headaches, but that she retained the ability to perform sedentary work.  Based on the testimony of a Vocational Expert, the ALJ concluded following the second hearing that the plaintiff's past relevant work as an office clerk and secretary were performed and are typically performed at the sedentary level, and that thus, the plaintiff could return to this work.

*Standard of review*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983).  The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971).  In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to

provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

*Credibility analysis*

If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain. Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992); Hand v. Heckler, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability. 20 C.F.R. § 404.1529(a). Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence. 20 C.F.R. § 404.1529(c). The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence." 20 C.F.R. § 404.1529(c)(4). If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff will be deemed disabled. However, if the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true. Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

In relevant part, the ALJ found that

> [t]he claimant's statements concerning her impairments and their impact on her ability to work are not entirely credible in light of the medical history, the reports of treating and examining practitioners, the degree of medical treatment required and the claimant's own

>      description of her activities and life style.

R. at 210-211.

Following a thorough discussion of the medical records and findings of treating physicians, the ALJ concluded that

> [a]lthough the claimant has alleged chronic neck pain, cervical MRI showed neural foraminal narrowing without any definitive evidence of spinal stenosis or nerve root impingement.  None of the treating records or diagnostic studies provided by the claimant's treating physicians have indicated more serious cervical problems. . . . In addition to limited objective medical findings and limited treatment, the claimant's activities of daily living are inconsistent with her allegations of disability. . . . the claimant reported being able to take care of her own personal needs.  She lives with her husband and one child at home.  the claimant reported that she does some of the cooking and she grocery shops on a regular basis.  She socializes with her husband and daughter and reported no problems getting along with others.

R. at 212.

A review of the medical record, the plaintiff's testimony, and the ALJ's decision reveals that the ALJ properly applied the pain standard and provided adequate reasons for discrediting the plaintiff's subjective account of totally disabling back pain.  Plaintiff's insured status expired on September 30, 1999, and treatment notes detailing her treatment for a neck/back condition between July 1, 1996, the date of alleged onset, and the date her insured status expired show conservative treatment for chronic neck pain and headaches.  As the ALJ notes, the plaintiff acknowledged that she worked to some extent during 1994 and 1996, and the medical records do not reveal any significant or dramatic worsening of her condition after this time.  A consultative examination by Dr. Barry Braun in November 1999 revealed no significant disabling neurological deficit, with cervical x-rays showing only "moderate degenerative changes of the

C5-6 level." R. at 121.  The ALJ properly supported his decision by reference to the plaintiff's reported daily activities as well as the objective medical record.

Accordingly, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g).  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 5th day of January, 2006.


   /s/ **_Richard L. Hodge_**
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE


asb